McKinney, J.,
delivered the opinion of the Court.
. This bill was filed to enforce a supposed right of redemption, against the defendant, to a tract of land lying in Fen- *364 tress county. The facts, of the case are as follows : By a decree of this Court, made at the December Term, 1845, in the case of John McIver’s Admr., v. Huddleston et al., said tract of land was declared subject to the lien of the vendor, for the unpaid purchase money; and was ordered to be sold, unless the amount due were paid within a limited time. This not being done, the land was sold by the Clerk and Master of this Court, on the 25th of July, 1846, and the complainant and one Grwin became the purchasers thereof, at the price of §305, for which, notes with security, payable to the Clerk and Master, at one and two years, were executed. Said sale was reported to the Court, and confirmed, at the December Term, 1846; and it was ordered, amongst other things in the decree of confirmation, “ that upon payment of the notes given for the purchase money, the Clerk and Master shall execute a deed to the purchasers,” &c.
Several years afterwards, namely, at the December Term, 1852-3, of this Court, — the purchase money still remaining, in part, unpaid, — judgment was rendered, on motion, in this Court, against complainant and Grwin, and their surety, for $205, the balance remaining due. On this judgment, execution issued, and was returned nulla bona as to all the defendants ; and at the December Term, 1854, a further decree was made, by which the Clerk and Master was directed — if the money were not paid into the office by a day fixed in the decree —to re-sell said tract of land; and, on receiving the purchase money, to execute a deed to the purchaser, and award a writ of possession.
This decree was not obeyed; and, on the 25th of April, 1855, the land was again sold by the Master, to Jane Mclver, for $257, who transferred her interest under the purchase to the defendant, Porterfield; and the purchase money having been paid, the Master made a deed to the latter, who was put in possession of the same by the sheriff, on the 3d of October, 1855, pursuant to the decree of this Court.
Within two years from the time of the last sale, the complainant — who alleges that he acquired the interest of Grwin *365 —tendered to the defendant the amount of the purchase money, with interest, and claimed a redemption of said land, which was refused. The Chancellor decreed for the complainant.
We think the decree is altogether erroneous. The mere statement of the facts is enough to demonstrate that, upon the familiar principles which govern the discretion of a Court of Equity, in decreeing a specific performance, the complainant is entitled to no relief. It is conceded, that an equitable interest is as much subject to redemption as a legal interest. But the position assumed, that the complainant, by his purchase, acquired an equitable title to the land, is not so clear. True, the sale was confirmed, but this was, at least, upon the implied condition that the purchase money should be paid at the time stipulated; the payment of the consideration was essential to complete the equity. And it cannot be doubted for a moment, that, on the refusal of the purchaser to complete his purchase, by payment of the money, he forfeited his inchoate right; and it was proper for the Court to order a re-sale of the land. Nor can it be questioned, that the inevitable effect of the decree of December, 1854, was to rescind the contract of sale, and to cut off all right on the part of complainant, on his failure to pay the money as therein directed. His noncompliance, was a voluntary abandonment of his right. Indeed, the whole question is concluded by that decree; for, by its express terms, the Master was required, if the money were not paid within the time limited, to re-sell the land, invest the purchaser with the title, and place him in possession thereof; all which was done accordingly.
This decree must be regarded as a final and conclusive adjudication of the question. It amounts to an extinguishment of the complainant’s right; and it invests the defendant with an indefeasible title in fee simple.
Consequently, the right of redemption set up in the bill, has no foundation to rest on.
Decree reversed, and bill dismissed..